IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHESTER LEROY POWELL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-06-0109-S-BLW |
| | ) | |
| v. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Idaho state prisoner Chester Powell has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Court is required to screen the Petition initially to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

## REVIEW OF THE PETITION

After a jury trial in state district court, Petitioner was convicted of one count of second-degree murder. The state court sentenced him to fifteen years to life in prison, which it enhanced by an additional fifteen years based upon Petitioner's use of a firearm during the commission of the crime. Judgment was entered on September 18, 1992, and the Idaho Supreme Court affirmed the conviction in 1994. *State v. Powell*, 876 P.2d 587 (Idaho 1994). It does not appear that anything was pending in state court for the next nine

**INITIAL REVIEW ORDER - 1**

years, until Petitioner submitted a Motion for Correction of Sentence in October 2003, and it is unclear how or when the state court disposed of that matter.

Petitioner filed the current federal Petition on March 14, 2006, in which he asserts vaguely that his Sixth and Fourteenth Amendment rights were violated when the state court imposed the sentencing enhancement.[1]  Based upon the information that Petitioner has provided to the Court, the Petition appears to be untimely.

This case is governed by the provisions of the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA), which includes a one-year statute of limitations.  28 U.S.C. § 2244(d).  In the ordinary case, a habeas petitioner has one year after the completion of his state court direct appeal, or after the time for seeking direct review has expired, in which to file a federal petition.  28 U.S.C. § 2244(d)(1)(A).  If the petitioner's conviction became final before AEDPA was enacted on April 24, 1996, he must have filed his petition on or before April 24, 1997.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  The one-year limitations period will start to run on a different date, however, if any of the following special circumstances are present: (1) a state created impediment prevented the petitioner from filing; (2) the United States Supreme Court has made a new constitutional rule retroactive; or (3) the petitioner's claims are based upon newly discovered evidence.  28 U.S.C. § 2244(d)(1)(B)-(D).

---

[1] Rather than listing specific federal claims, Petitioner refers to the "paperwork" attached to his Petition, which includes his state court Motion for Correction of Sentence.  Petitioner's federal claims are buried among several allegations of state law error, which are not cognizable in a federal habeas proceeding.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

**INITIAL REVIEW ORDER - 2**

Here, because Petitioner's conviction became final on direct appeal before AEDPA was enacted, he had until April 24, 1997 in which to file a federal petition, yet he waited until March 2006.  Although the federal limitations period does not continue to run during the time that any post-conviction or other collateral action is pending in state court, *see* 28 U.S.C. § 2244(d)(2), Petitioner has not indicated that he had any such matters pending until October 2003, many years too late.

Before dismissing this case, the Court will provide Petitioner with an opportunity to show that his claims are timely.  *See Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Petitioner may submit any documentation with his response that he believes supports his position.  If Petitioner does not have copies of relevant state court documents or decisions in his case, he should indicate to the best of his recollection when he pursued post-conviction or other collateral matters in state court.  Petitioner may also wish to address whether he is entitled to equitable tolling (suspending) of the limitations period as a result of extraordinary circumstances that made it impossible for him to file his Petition on time. *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).

**INITIAL REVIEW ORDER - 3**

## OTHER MOTIONS

Petitioner has requested in forma pauperis status.  At the time he filed his Petition, Petitioner had a negative balance in his prison trust account.  The application to proceed in forma pauperis shall be granted.

Petitioner has also requested appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  The Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice.  18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

It is unclear whether Petitioner will be able to proceed on the merits of his case.  As a result of the foregoing, Petitioner's motion is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application for in Forma Pauperis Status (Docket No. 1) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel, contained within his Petition,  is DENIED.

IT IS FURTHER ORDERED that within thirty days of the date of this Order, Petitioner shall file a response, with any supporting exhibits or documents, addressing

**INITIAL REVIEW ORDER - 4**

whether his Petition was filed within the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

DATED: **April 21, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**INITIAL REVIEW ORDER - 5**