IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHESTER LEROY POWELL, | ) | |
| | ) | Case No. CV-06-109-S-BLW |
| Petitioner, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Petitioner's Response to the

Court's Initial Review Order, in which Petitioner argues that he has complied with

the applicable statute of limitations.  The Court adheres to its decision that the

Petition is untimely, and this case will be dismissed.

## BACKGROUND

In 1992, a jury found Petitioner guilty of one count of second-degree murder

for the shooting death of Carl Prebor.  The state district court sentenced Petitioner

to life in prison, with the first fifteen years fixed, which the court enhanced by an

indeterminate fifteen years after finding that Petitioner had used a deadly weapon

as part of the crime.  The issue raised during Petitioner's direct appeal was whether

the district court erred in denying Petitioner's motion for a new trial based upon

**Memorandum Decision and Order - 1**

newly discovered evidence.  In 1994, the Idaho Supreme Court affirmed that decision.  *State v. Powell*, 876 P.2d 587 (Idaho 1994).

It appears that nothing was pending in state court until Petitioner filed a Motion for Correction of Sentence in October 2003, which was unsuccessful. Petitioner appealed that decision, and on August 24, 2005, the Idaho Supreme Court denied his Petition for Review.[1]

Petitioner initiated the current habeas corpus action on March 14, 2006.  The Court has liberally construed the Petition as raising the following federal claims: (1) Petitioner was deprived of his Sixth Amendment right to have a jury decide the facts that supported the sentencing enhancement; and (2) Petitioner's right to due process of law under the Fourteenth Amendment was violated when the trial judge knowingly imposed a sentence that was unlawful under state law.  All of the other allegations in the Petition relate to the interpretation of state sentencing statutes, which is not cognizable in a federal habeas proceeding.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

---

[1]  Petitioner has attached the Idaho Supreme Court's Order to his Response to this Court's Initial Review Order, but he has not provided any other documentation from that appeal. Placing this Order within the context of the other documents and arguments that Petitioner has submitted, this Court assumes that the appeal was from the denial of the Motion for Correction of Sentence.

**Memorandum Decision and Order - 2**

Upon receiving the Petition, the Court conducted its initial review and noted that the matter appeared to be untimely.  The Court gave Petitioner an opportunity to address the timeliness issue, which he has now done.  (Docket No. 8.)

Petitioner contends that the federal habeas limitations period did not begin to run until the Idaho Supreme Court denied his Petition for Review on August 24, 2005, completing the appeal from the denial of his Motion for Correction of Sentence.  The Court is not convinced by this argument, and for the reasons that follow, concludes that the Petition is untimely.

## STANDARD OF LAW

Habeas petitions filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d).  The one-year period generally runs from the date on which the judgment of conviction became final in state court, either upon completion of direct review or after the time for seeking an appeal has expired.  28 U.S.C. § 2244(d)(1)(A).  In cases in which the judgment became final before AEDPA was enacted, habeas petitioners had a one-year grace period, until April 24, 1997, in which to initiate a federal action.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

**Memorandum Decision and Order - 3**

The limitations period is tolled (stopped) for all of  "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The limitations period may also be equitably tolled for fairness reasons when exceptional circumstances are present.  *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).  A litigant seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way.  *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

A district court may summarily dismiss a habeas petition if plainly appears from the face of the petition and any exhibits annexed to it that the petition is untimely, but only after the petitioner has had notice and an opportunity to respond.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

## DISCUSSION

Under 28 U.S.C. § 2244(d)(1)(A), the state court judgment in this case became final at the conclusion of Petitioner's direct appeal in 1994.  *See State v. Powell*, 876 P.2d 587 (Idaho 1994).  Although Petitioner had a one-year grace period after AEDPA's 1996 enactment–until April 24, 1997–in which to file in federal court, he waited another nine years.  Petitioner has not shown that any state

court matters were pending between 1994 and 2003, despite having been given an opportunity to do so. Statutory tolling under 28 U.S.C. § 2244(d)(2) is therefore not applicable.

Nor has Petitioner asserted that he is entitled to equitable tolling. Rather, he appears to argue that this matter is timely because he filed his Habeas Corpus Petition within one year of the conclusion of the appeal from the denial of his Motion for Correction of Sentence in 2005. This argument is based on a faulty interpretation of 28 U.S.C. § 2244(d)(1)(A), which provides that the limitations period begins to run from "the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." *Id*. (emphasis added). Direct review in this case was completed in 1994, not 2005. If Petitioner's argument were correct, then a state prisoner could revive a lapsed statute of limitations by simply filing a motion to correct sentence, or similar pleading, several years too late. This would defeat the purpose of AEDPA's statute of limitations.

The Court notes that Petitioner has not chosen to argue that he was unable to bring his Sixth Amendment claim sooner because the United States Supreme Court did not recognize this particular right until it issued decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).

**Memorandum Decision and Order - 5**

Regardless, such an argument would be without merit.  While it is true that the one-year period for new constitutional claims begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court," this tolling provision is applicable only "if the right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*." 28 U.S.C. § 2244(b)(1)(C) (emphasis added).  Because neither *Apprendi* nor *Blakely* have been "made retroactively applicable to cases on collateral review," this subsection will not assist Petitioner.  *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (*Blakely* claims are not retroactive); *see also Dodd v. United States*, 545 U.S. 353, ___, 125 S. Ct. 2478, 2482 (2005).

Accordingly, because it plainly appears that Petitioner is not entitled to relief, his Petition will be dismissed.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

**Memorandum Decision and Order - 6**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED.



DATED:  **September 25, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 7**