IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CHESTER LEROY POWELL,    )
    )
    Petitioner,    )    Case No. CV-06-109-S-BLW
    )
v.    )
    )    **ORDER**
STATE OF IDAHO,    )
    )
    Respondent.    )
_____ )

The Court previously dismissed this habeas corpus matter as untimely, and judgment was entered on September 25, 2006.  (Docket Nos. 9 & 10.)  Petitioner has since filed a request for a certificate of appealability and a motion for reconsideration.  (Docket Nos. 10 & 11.)  Because Petitioner filed the motion to reconsider more than ten days after the entry of judgment, the Court will construe it as a request for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  *See American Ironworks & Erectors Inc. v. North American Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

Petitioner contends that the Court erred in concluding that the statute of limitations had expired before he initiated this habeas action.  In particular, he argues that his Petition was timely because he filed it within one year of the Idaho

**ORDER - 1**

Supreme Court's 2005 decision on appeal from the denial of his motion to correct an illegal sentence.

As this Court has noted before, Petitioner's argument is based upon a misunderstanding of the operation of the one-year limitations period in 28 U.S.C. § 2244(d).  When, as here, a petitioner has raised claims related to the original state court judgment, the one-year period begins to run at the conclusion of direct appellate review in state court, not collateral review.  28 U.S.C. § 2244(d)(1)(A). In addition, a longer statute of limitations for filing a collateral or post-conviction action in state court under state law does not extend the *federal* habeas statute of limitations, nor will a new and potentially timely action under state law, such as Petitioner's motion to correct an illegal sentence, breath new life into a federal limitations period that has already expired.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  In short, if Petitioner wished to exhaust his claims and stop the federal limitations period from running under 28 U.S.C. § 2244(d)(2), he was required to file his motion to correct illegal sentence in state court before the federal period expired in April 1997.  He did not do so.

For these reasons, Petitioner has not shown that any of the requirements for relief from judgment are applicable under Rule 60(b).  The Court likewise concludes that the dismissal of this case on timeliness grounds is not reasonably

**ORDER - 2**

debatable, and Petitioner's motion for a certificate of appealability shall be denied.[1]

*See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  Petitioner is

advised that he may still request a certificate of appealability from the Ninth

Circuit Court of Appeals under Rule 22(b) of the Federal Rules of Appellate

Procedure and Ninth Circuit Local Rule 22-1(d).

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion

for Certificate of Appealability (Docket No. 11) is DENIED.

IT IS FURTHER ORDERED that Petitioner's Request for Reconsideration

of Judgment (Docket No. 12) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall forward a copy of

this Order, Petitioner's Motion for Certificate of Appealability (Docket No. 11),

the Court's Memorandum Decision and Order and Judgment (Docket Nos. 9 &

10), to the Ninth Circuit Court of Appeals.  The district court's file in this case is

available for review online at www.id.uscourts.gov.  If requested by the Ninth

---

[1]  The Court notes that it did not find, as Petitioner contends, that his rights under the Sixth and Fourteenth Amendments were violated in this case.  Rather, the Court liberally construed the Petition as raising these claims, and it never reached the merits.  (Docket No. 9, p. 2.)

**ORDER - 3**

Circuit, the Clerk of Court shall forward a copy of the district court's file to the

appellate court for its review.



DATED:  **January 26, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 4**